**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TEON L.,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 23-22943 (KMW)<br><br>**MEMORANDUM OPINION** |

**THIS MATTER** comes before the Court by way of *pro se* plaintiff Teon L.'s ("Plaintiff") appeal from the final decision of the Commissioner of the U.S. Social Security Administration ("Commissioner"), denying his request for benefits. (ECF No. 1). The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, the Court dismisses Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**I. BACKGROUND**

On December 7, 2023, Plaintiff lodged a *pro se* appeal of the Commissioner's denial of his request for benefits, along with a request to proceed *in forma pauperis* and motion to appoint counsel. (ECF Nos. 1, 3). On December 11, 2023, the Court granted Plaintiff's Motion seeking leave to proceed *in forma pauperis*, and directed the Clerk of Court to issue a summons upon the Commissioner, which was executed the same day. (ECF Nos. 4, 5).

On February 7, 2024, the Commissioner submitted the Administrative Record. (ECF No. 8). On February 13, 2024, Plaintiff submitted a letter requesting an update regarding the status of his motion to appoint counsel. (ECF No. 9). On May 10, 2024, Plaintiff filed a response rejecting the Court's proposed consent to jurisdiction by a magistrate judge issued pursuant to 28 U.S.C. §

636(c) and Fed. R. Civ. P. 73. (ECF No. 10). On June 20, 2024, the Court entered an order denying without prejudice Plaintiff's motion to appoint pro bono counsel, and directing Plaintiff to address the factors set forth in *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1991) should he wish to refile such a motion. (ECF No. 11).[1]

On October 4, 2024, the Court issued a scheduling order (the "Order") advising that pursuant to the Supplemental Rules for Social Security Actions pursuant to 42 U.S.C. § 405(g) ("Supplemental Rules"), Plaintiff was required to "file and serve on the Commissioner a brief for the requested relief within 30 days after the answer is filed or 30 days after entry of an order disposing of the last remaining motion filed under Rule 4(c), whichever is later." (ECF No. 13). The Order notified Plaintiff that he had not filed a supporting brief within the time allotted by the Supplemental Rules. (*Id.*) The Court afforded Plaintiff an opportunity to remedy his failure to prosecute his appeal, providing that Plaintiff must file his brief in support of the relief requested in his Complaint within 30 days of the entry of the Order. (*Id.*) In that Order, Plaintiff was expressly "placed on notice that failure to submit his Brief in Support will be deemed to constitute an abandonment of Plaintiff's claims." (*Id.*) No brief was received on or before that date. Plaintiff did not request additional time.

On October 31, 2024, the Court issued an amended scheduling order (the "Amended Order") directing Plaintiff to file his brief within 30 days of the entry of the Amended Order. (ECF No. 14). In that Order, Plaintiff was notified a second time that his failure to submit his brief within

---

[1] On September 12, 2024, Plaintiff also submitted several miscellaneous documents without any cover letter or affidavit explaining the contents or his reason for the filing. (ECF No. 12). The documents included a letter from the Burlington County Board of Social Services dated September 12, 2024, stating that Plaintiff qualifies for a medical exemption based on his inability to work; a document labelled "Examination Report & Certification" form WFNJ-81, entitled "Work First New Jersey Individual Responsibility Plan for Mandatory Work Participants"; and form WFNJ-137, entitled "WFNJ Participation Outreach Contact Information." (*Id.*)

2

30 days "will be deemed to constitute an abandonment of Plaintiff's claims." (*Id.*) Again, no brief was received on or before that date. Plaintiff did not request additional time.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action when a plaintiff fails to prosecute his case or comply with the court rules or a court order. Fed.R.Civ.P. 41(b). Local Civil Rule 41.1(a) similarly provides that the Court must dismiss a case that has been pending for more than 90 days without any proceedings. L.Civ.R. 41.1(a).

Generally, when deciding whether to dismiss a case for a plaintiff's failure to prosecute, the Court must consider the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). These factors are "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis*, 747 F.2d at 868.

The Court notes that "when a litigant's conduct makes adjudication of the case impossible, [a] balancing under *Poulis* is unnecessary." *McLaren v. N.J. Dept. of Educ.*, 462 F. App'x 148 (3d Cir. 2012); *see also Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994). In this case, other than filing his Complaint, motion to appoint counsel, and miscellaneous correspondence, Plaintiff has entirely failed to participate in this action. The Court nonetheless gave Plaintiff additional opportunities to litigate, but he has done nothing. In fact, Plaintiff has not submitted any filings to the Court in the last 90 days and no proceedings have been conducted within that time. Plaintiff's

3

conduct has thus made adjudication of this case impossible and, on this basis alone, warrants dismissal of the action.

Additionally, the Court finds that the *Poulis* factors support dismissal of Plaintiff's Complaint at this time as Plaintiff has failed to comply with the Supplemental Rules and the Court's orders and has failed to prosecute his case.

The Court specifically finds that the first *Poulis* factor, Plaintiff's personal responsibility, weighs in favor of dismissal. Plaintiff is acting *pro se* and thus cannot attribute blame to counsel or anyone else for the failure to comply with the Court's orders and move his case forward.

The Court also finds that the prejudice to the Commissioner—the second *Poulis* factor—caused by Plaintiff's failure to comply with the Supplemental Rules and the Court's orders weighs in favor of dismissal of this action. "Evidence of prejudice to an adversary 'would bear substantial weight in support of a dismissal[.]'" *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994) (internal citation omitted). The Court finds that the Commissioner is prejudiced because of her inability to work toward an amicable resolution of this matter or achieve a resolution on the merits. Rule 5 of the Supplemental Rules states that "[t]he action is presented for decision by the parties' briefs." Rules 6, in turn, requires a plaintiff in a Social Security matter to file a brief in support of the requested relief within 30 days of the filing of the Commissioner's answer or after entry of the last order, whichever is earlier. Pursuant to Rule 7, the Commissioner then must file a response within 30 days from the service of Plaintiff's brief. Compliance with these rules would enable the parties to discern their respective positions, which facilitates the possibility of agreeing on an early and amicable resolution of the matter. *See Underdue v. Comm'r of Soc. Sec.*, No. CIV. 13-6225 NLH, 2015 WL 4113453, at *2 (D.N.J. July 8, 2015).

4

Here, because of Plaintiff's failure to submit a brief in support of his Complaint pursuant to the Supplemental Rules, the Commissioner is prejudiced in its ability to attempt to amicably resolve the matter. *See id.* Furthermore, because Plaintiff has not filed his supporting brief, the Commissioner is unable to achieve a resolution and the Court is unable to decide the appeal of this matter on the merits pursuant to Supplemental Rule 5. As Plaintiff's conduct has unduly delayed the resolution of this appeal, the Commissioner is prejudiced by Plaintiff's continuing inaction.

The third *Poulis* factor also weighs in favor of dismissal given Plaintiff's demonstrated history of dilatoriness. Plaintiff initially failed to file his brief in support within the time set forth in the Supplemental Rules. Nonetheless, the Court afforded Plaintiff additional opportunities to litigate his appeal, but Plaintiff failed to do so within the time set forth in the Court's scheduling orders. Plaintiff's repeated failure to litigate his appeal within the deadlines set forth by the Supplemental Rules and scheduling orders demonstrates his history of dilatoriness.

Similarly, the Court finds that the fourth *Poulis* factor, regarding the willfulness of the conduct at issue, also weighs toward dismissal. "[W]here the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful for the purposes of the fourth *Poulis* factor.'" *Hunt–Ruble v. Lord, Worrell & Richter, Inc.,* No. Civ. A. 10–4520, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012) (quoting *Martino v. Solaris Health Sys. Corp.,* No. Civ. A. 04–6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007)). Here, Plaintiff's lack of court-ordered participation demonstrates that he is unable or unwilling to undertake the obligations of his appeal.

The fifth *Poulis* factor likewise militates in favor of dismissal. Here, the Court's initial scheduling order was abundantly clear with respect to the various deadlines as well as the ultimate consequence for failure to comply with the deadlines. The subsequent Amended Order, entered

*sua sponte*, extended the time for Plaintiff to litigate his appeal and again notified Plaintiff that failure to do so within time would be deemed an abandonment of his appeal. Based on the foregoing facts, the Court finds that no lesser sanction would be effective.

Finally, the sixth *Poulis* factor appears to weigh in favor of dismissal. On appeal from the final decision of the Commissioner of the Social Security Administration, the district court must determine whether there is substantial evidence in the record to support the Commissioner's decision. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *see Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer*, 186 F.3d at 427. In reviewing the record for substantial evidence, a court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford*, 399 F.3d at 552 (internal quotation marks omitted). Even if the court would have decided differently, it is bound by the Administrative Law Judge's ("ALJ") decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

In Plaintiff's opening statement at the January 12, 2023 hearing before the ALJ, his counsel argued that Plaintiff was disabled under Section 1614(a)(3)(A) of the Social Security Act because he meets the five step evaluation process. (Administrative Transcript ("Tr.") 39, ECF No. 8-2). Plaintiff's counsel indicated that Plaintiff has a "bulging disc, chronic neck and back pain, trauma from a 2018 car accident, and tendinitis in the patella." (*Id.*) The ALJ adduced Plaintiff's testimony concerning these symptoms and his alleged disability at the hearing. (*Id.* at 44-65). In her decision, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his application date of April 29, 2019. (*Id.* at 22). The ALJ found that Plaintiff has the following severe impairments: "degenerative disc disease (DDD), other arthropathies (pain in Left knee, Right ankle

mentioned in history, appears to be no specific treatment for same in this period), carpal tunnel syndrome (CTS), and migraines." (*Id.*) The ALJ found, however, that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ considered the listings 1.15 and 1.16 in relation to Plaintiff's spinal disorders and found they did not meet the requisite criteria based on the medical evidence, noting Plaintiff does not need an assistive device and is not unable to use one or both upper extremities to complete work activities. (*Id.* at 23). The ALJ also considered the listings of 1.18 with respect to abnormality of major joints and found Plaintiff's impairments "do not preclude the use of both extremities to complete work-related activities." (*Id.*) The ALJ further found that Plaintiff's headaches do not meet listing 11.02, noting that Plaintiff has not generally required hospitalization, urgent care, or emergency services due to his headaches. (*Id.*).

The ALJ noted that from 2011 to 2019, Plaintiff worked as a handyman and conducted home improvements such as drywall, plumbing, installing flooring, wiring fixtures, and light maintenance. (*Id.* at 24). The ALJ also noted that Plaintiff has at least a high school education. (*Id.* at 28). The ALJ noted that although Plaintiff was injured in a June 2018 car accident, he "has only had conservative treatment since then, such as chiropractic treatment and physical therapy" and "has declined injections, surgery, and pain management." (*Id.* at 25). The ALJ noted that while an MRI demonstrated a disc bulge and an EMG study revealed mild to moderate dorsal nerve root irritation, "there was no evidence of entrapment neuropathy, lumbar plexopathy, or myopathy." (*Id.* at 25-26). The ALJ observed that examinations generally note that Plaintiff has a normal gait, "5/5 strength in the upper and lower extremities," and "intact sensation and reflexes." (*Id.* at 26). The ALJ credited the consultative examiner's finding that despite Plaintiff's limited motion of the

cervical and lumbar spines and claim that he has pain when sitting, Plaintiff had no difficulty with transfers, could perform straight-leg raises, and was comfortable in a seated position. (*Id.*) The ALJ also noted that Plaintiff reported his headaches were alleviated by staying still, which supported a limitation to sedentary work. (*Id.*)

The ALJ therefore concluded based on the foregoing medical evidence that Plaintiff's impairments are "enough to limit [Plaintiff] to sedentary work, but not less than that." (*Id.*) Based on the vocational expert's testimony that Plaintiff would be able to perform various sedentary occupations, such as "Lens Inserter," "Order Clerk Food and Beverage," and "Stock Attacher," the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (*Id.* at 29). Here, it appears that the ALJ's decision was supported by substantial evidence. Accordingly, the final *Poulis* factor weights in favor of dismissal.

### III. CONCLUSION

As all of the *Poulis* factors weigh in favor of dismissal, the Court finds good cause to dismiss the matter pursuant to Federal Rule of Civil Procedure 41(b). An order consistent with this Memorandum Opinion will be entered.

Dated: December 18, 2024

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE